**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
(Palm Beach Division)

**CASE NO.:**

AFFORDABLE AERIAL PHOTOGRAPHY, INC.,

      Plaintiff,

vs.

LAER REALTY INC., a/k/a PRESTIGE REAL ESTATE,
INC., a Foreign Corporation; MARGARITA BATTRO;
an individual; and MARCOS BENGOLEA, an individual

      Defendants.

_____/

**COMPLAINT**

     Plaintiff, AFFORDABLE AERIAL PHOTOGRAPHY, INC., ("Plaintiff" or "AAP"), by

and through undersigned counsel, hereby files its Complaint against Defendants, LAER REALTY

INC., a/k/a PRESTIGE REAL ESTATE INC., ("LAER") MARGARITA BATTRO,

("BATTRO"), and MARCOS BENGOLEA, ("BENGOLEA"), (collectively, the "Defendants").

In support thereof, Plaintiff states as follows:

**NATURE OF THE ACTION**

     1.    Plaintiff brings this action against Defendants for violations of exclusive rights

under the Copyright Act, 17 U.S.C. § 106, to reproduce, prepare derivative works, and distribute

AAP's original copyrighted works of authorship. AAP licenses its copyrighted works, such as the

ones taken by Defendants without authorization in this case, for a fee to real estate associates and

brokerages for use in connection with promoting real estate listings.

**THE PARTIES**

2.      AAP is a Florida corporation headquartered in Palm Beach County, Florida. Robert Stevens ("Mr. Robert Stevens"), the owner of AAP is an accomplished professional photographer who makes his living via his photography. Stevens is an employee of his company, AAP, which provides photo shoots to a client's specifications. AAP licenses its photos to agents pursuant to a written license. The license is granted only to the agent for whom the photos were taken, and for a one-time use for a specific property.

3.      Defendant LAER is a licensed real estate corporation and is a foreign corporation with a principal place of business located at 12769 Forest Hill Blvd., #1A, Wellington, FL 33414.

4.      Defendant BATTRO is a licensed real estate agent (Lic. No. SL3288505) and with a principal place of business in Palm Beach County, Florida.

5.      Defendant BENGOLEA is a licensed real estate agent (Lic. No. SL3396756) and with a principal place of business in Palm Beach County, Florida.

## JURISDICTION AND VENUE

6.      This Court has personal jurisdiction over LAER because it has numerous offices throughout Palm Beach County and within this district and it conducts regular business in Florida pursuant to its Real Estate Corporation licenses issued by the State of Florida.

7.      This Court has personal jurisdiction over BATTRO because she is a Florida resident and actively conducts business within this district.

8.      This Court has personal jurisdiction over BENGOLEA because he is a Florida resident and actively conducts business within this district.

9.      This Court has jurisdiction over the subject matter of this suit because it arises under federal law, namely, the Copyright Act of 1976 (Title 17 of the United States Code), 28 U.S.C. § 1331 (federal question), and 28 U.S.C. § 1338 (designs, copyrights, trademarks and unfair

competition).

10.     Venue is proper in Southern District of Florida, Palm Beach County, Florida, pursuant to 28 U.S.C. § 1391, 28 U.S.C. § 1400, and Florida Statute § 47.011. Defendants operate and/or reside in Palm Beach County.

11.     In addition, the Defendants conduct regular, ongoing business within this Southern District of Florida.

## THE COPYRIGHTED WORKS AT ISSUE

12.     In approximately 2014 AAP created a series of photographs in the collection "Group Registration Photos, Selected 2014 Photographs Part B Including Dunes Condo, St. Andrews, Breakers West and Mayacoo Clubhouse and Others; 26 photos," (hereinafter collectively the "Selected 2014 Photographs"), six of which are listed below and at issue in this action:

      a.   St. Andrews at the Polo Club Spa, 2014 AAP, Apr. 17, 2014 ("Spa Photo")

      b.   St. Andrews at the Polo Club Sign, 2014 AAP, Apr. 17, 2014 ("Sign Photo")

      c.   St. Andrews at the Polo Club Pool, 2014 AAP, Apr. 17, 2014 ("Pool Photo")

      d.   St. Andrews at the Polo club Gym, 2014 AAP, Apr. 17, 2014 ("Gym Photo")

      e.   St. Andrews at the Polo Club Billiard Room, 2014 AAP, Apr. 17, 2014 ("Billiard Photo")

13.     The Selected 2014 Photographs were registered with the United States Copyright Office on August 25, 2015, with U.S. Copyright Reg. No. VA-1-970-042. *See Composite Exhibit A.*

14.     Additionally in approximately 2014, AAP created another series of photographs in the collection called "Group Registration Photos, Selected 2014 Photographs Fl Including Breakers West, Connemara, Old Port Cove; 39 photos," (hereinafter "Additional Selected 2014

Photographs") including St. Andrews Pl. Aerial 2014, AAP Aug. 25, 2014 ("Aerial Photo"), which is also at issue in this action. *See Composite Exhibit B.*

15.     The Additional Selected 2014 Photographs were registered with the United States Copyright Office on November 16, 2017, with U.S. Copyright Reg. No. VA 2-081-917. *See Composite Exhibit B.*

16.     In its original state each of the Selected 2014 Photographs and Additional Selected 2014 Photographs have AAP's copyright management information ("CMI") located in the bottom left corner of the photos.

17.     In its original state each of the Selected 2014 Photographs and the Additional Selected 2014 Photographs have AAP's copyright management information ("CMI") located in the bottom left corner of the photos.

18.     All of the individually named photographs in paragraph 10 above are collectively the "Works" at issue in this lawsuit.

## BACKGROUND FACTS

19.     Plaintiff Affordable Aerial Photography, Inc. was formed in 2005 by Stevens.

20.     AAP specializes in photographing real estate. The company has photographed some of the world's most expensive properties.

21.     Mr. Stevens and AAP's work is sought after by real estate professionals throughout South Florida and internationally. For nearly 17 years, Mr. Stevens has photographed some of the most expensive real estate listings in the world, including Donald Trump's mansion in Palm Beach, Florida

22.     Mr. Stevens and AAP have been hired by celebrities including Celine Dion, Bill Gates, Billy Joel, Tommy Lee Jones, Don King, Greg Norman, Athina Onassis, Mehmet Oz,

President Donald Trump, James Patterson, Lilly Pulitzer, Rod Stewart, and many more to photograph their estates and homes from Palm Beach, Florida to California and New York as well as the Bahamas.

23.     Stevens and AAP are well known for their aerial photographs, which are taken from above the ground.

24.     AAP captured many such shots even before the use of drones became widespread. This was accomplished via the use of a tethered helium balloon camera-rigging system which was designed and built by Stevens (the "Balloon System").

25.     This Balloon System has allowed AAP to capture shots that, until the advent of drones, would have been impossible to shoot otherwise.

26.     Stevens worked diligently to engineer and create this unique Balloon System in an effort to create one-of-a-kind photographs for clients.

27.     This unique system had the added benefit of serving as a marketing tool for AAP, and it led to Stevens becoming known locally as "Balloon Bob."

28.     Stevens also takes photographs for AAP using a helicopter, drones, or tripods.  The photographs, similar to the ones at issue in this suit, taken by Stevens for AAP from a helicopter, using a drone, or using a tripod, were independently created by Stevens for AAP using a high degree of creativity, to compose and shoot the best shots for his clients. Stevens thoroughly reviews each and every photograph to select the very best shots for his clients.  Those shots are then photoshopped and cropped before becoming the final work distributed to a client **via a one-time use license**.

29.     AAP sells one-time use licenses to third parties that wish to copy, distribute, and/or display the photos with regard to a specific real property for sale and/or rent.

30.     Multiple Listing Services ("MLS") are websites on which real estate professionals

can post, and the public can view, information about properties that are available for sale or rent.

31.    AAP retains the copyright for all of its photographs which Stevens takes as an employee of AAP and registers those photographs with the United States Copyright Office.

32.    All rights in any photos initially registered by Stevens are now owned by AAP via written assignment from Stevens to AAP.  Such rights include the entire right, title, and interest in and to said photos, in and to any and all copyrights on said photos (including each and every derivative work arising from said photos), and all causes of action and/or claims existing at the time of assignment including, without limitation, those for infringement.

33.    None of the Defendants were granted a license in conjunction with use of any of the Works.

34.    On or about June 18, 2023, AAP initially discovered Defendants' infringing use of the Works via the website, www.Realtor.com and its listing for 11790 St. Andrews Place, Unit 205, Wellington, Florida 33414, ("Infringing Listing"). *See Composite Exhibit C*.

35.    The Infringing Listing can also be found on the Defendants' website, www.laerrealty.com. *See Composite Exhibit D*.

36.    Further, the Infringing Listing has been shared to numerous third-party websites. *See Exhibit E*.

37.    In accordance with § 475.42(1)(b), Florida Statutes, a licensed real estate associate may not operate as a broker or sales associate for any person not registered as his or her employer.

38.    Defendants BATTRO and BENGOLEA are each employed by the real estate firm owned and operated by Defendant LAER.

39.    In accordance with § 475.01(2), Florida Statutes, the terms "employ," "employment," "employer," and "employee" include an independent contractor relationship when such relationship is intended and established between a broker and sales associate. Such a

relationship does not relieve a broker of its duties or responsibilities.

40.    All conditions precedent to bringing this action, if any, have occurred or have been performed, waived and/or excused.

## COUNT I – COPYRIGHT INFRINGEMENT SELECTED 2014 PHOTOGRAPHS
### (U.S. Copyright Reg. No. VA-1-970-042)

41.    AAP adopts and incorporates the allegations of paragraphs 1-39 as if fully set forth herein.

42.    AAP owns a valid copyright registration for the Selected 2014 Photographs, two or more of which have been impermissibly copied, displayed, and distributed by Defendants.

43.    Upon information and belief, Defendants BATTRO and BENGOLEA are each a licensed real estate agent working in conjunction with Defendant LAER.

44.    AAP has the exclusive right to, among other things, reproduce, distribute, publicly display, and authorize such reproduction, distribution, and display the Works.

45.    Defendants  have copied, distributed, and/or displayed the Works, for their own commercial use, in violation of 17 U.S.C. § 106 et seq., as follows:

a.    Defendants' unauthorized use of the Works on the Infringing Listing promotes the rental of 11790 St. Andrews Place, Unit 205 Wellington, Florida, 33414:

i.    Upon information and belief, the Defendants have or will profit from their infringing use of the Works as the property is listed for $2,200.00, per month.

ii.    On the Infringing Listing, the CMI on each of the Works is visible in the bottom left corner of each of the Works which demonstrates Defendants willful infringement of the Works.

46.    In violating 17 U.S.C. § 106 et seq., Defendants are infringing on AAP's copyright

in accordance with 17 U.S.C. § 501.

47.     Each infringement of AAP's work by Defendants constitutes a separate and distinct act of infringement.

48.     The CMI on each photo within the Works clearly demonstrates AAP as the copyright owner and as such Defendants were well aware that AAP owned the copyrights in each of the Works.

49.     Defendants use of the Works was willful, in reckless disregard of, and with indifference to the rights of AAP.

50.     The infringement has caused AAP to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law.

51.     As a direct and proximate result of Defendants' acts of copyright infringement, AAP is entitled to actual and/or statutory damages in amounts to be determined at trial.

52.     AAP is also entitled to recover its attorneys' fees and full costs pursuant to 17 U.S.C. §505.

53.     In addition, AAP is entitled to permanent injunctive relief.

**WHEREFORE,** Plaintiff prays that:

a. Defendants, LAER, BATTRO, and BENGOLEA, their agents, servants, employees, franchisees, licensees, attorneys and all others in active concert or participation with Defendants be permanently enjoined and restrained after this action from:

i. Using, distributing, or otherwise exploiting AAP's copyrights and copyrighted works without prior express written consent through a photograph license or some other writing;

ii. Using, disclosing, converting, appropriating, retaining, selling,

transferring, or copying any property of AAP without prior express written consent through a photograph license or some other writing; and

      iii. Doing any other act or thing likely to, or calculated to, induce the belief that Defendants, LAER, BATTRO, and BENGOLEA created the Works or that Defendants' use of the Works is in any way endorsed by AAP.

b. Within ten (10) days after the entry of an order for permanent injunction, Defendants, be required to turn over any copies of the Works, in any form whether physical or digital;

c. Defendants, each of their agents, servants, employees, franchisees, licensees, attorneys and all others in active concert or participation with Defendants, be required to deliver up for destruction all physical products in their possession bearing any of AAP's copyrights, including but not limited to the Works, or any colorable imitation thereof for which Defendants have no prior license;

d. AAP recover Defendants' profits as well as the damages sustained by AAP due to Defendants', infringement of AAP's copyright, such amount of profits and damages to be trebled;

e. Defendants be required in accordance with 15 U.S.C § 1116 to file with the Court and serve upon AAP a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the terms of the permanent injunction;

f. This Court award AAP such damages, including compensatory and punitive damages, as are appropriate in view of Defendants' ongoing conduct, including its willfulness;

g. Defendants, be required to pay AAP the costs of this action, together with reasonable attorney's fees and disbursements;

h. Award, at AAP's election, actual damages and Defendants' profits, or statutory damages for each violation; and

i. AAP will receive such other and further relief as this Court deems just, fair, and equitable.

## COUNT II – VICARIOUS COPYRIGHT INFRINGEMENT SELECTED 2014 PHOTOGRAPHS
### (U.S. Copyright Reg. No. VA-1-970-042)

54.    AAP adopts and incorporates the allegations of paragraphs 1-52, as if fully set forth herein.

55.    AAP owns a valid copyright registration for the Selected 2014 Photographs, two or more of which have been impermissibly reproduced, distributed, and publicly displayed, on the Infringing Listing.

56.    Regarding the Infringing Listing, Defendant LAER is expressly designated as the listing office and is in active concert and participation regarding the listing for the property located at 11790 St. Andrews Place, Unit 205, Wellington, FL 33414 and has benefitted or will benefit from decisions made related to the information and photographs contained in the Infringing Listing and from potential profits relating to the rental of the property.

57.    Additionally, on the Infringing Listing, Defendant BATTRO is named as the listing agent and Defendant BENGOLEA is expressly designated as the co-listing agent and each are in active concert and participation regarding the listing for the property located at 11790 St. Andrews Place, Unit 205, Wellington, FL 33414 and each has benefitted or will benefit from decisions made related to the information and photographs contained in the Infringing Listing and

from potential profits relating to the rental of the property.

58.    Any action performed by Defendants LAER, BATTRO or BENGOLEA or any third party with access to edit or maintain the Infringing Listing, to take the physical actions necessary to initially upload any of the Works for commercial use on the Infringing Listing without license or permission from AAP, was in violation of 17 U.S.C. § 106 et seq.

59.    As a real estate corporation, Defendant LAER is chargeable with the actions taken regarding the Infringed Listing and its real estate brokers and sales associates list, and Defendant LAER maintains the right and ability to supervise the activity, including infringing activity, that takes place on its listings.

60.    As real estate agents BATTRO and BENGOLEA are chargeable with the actions taken regarding the Infringing Listing for which they are the listing agent or co-listing agent, and each maintains the right and ability to supervise the activity, including infringing activity, that takes place on their listings.

61.    Defendants' LAER, BATTRO, and BENGOLEA, agreement to be listed on the Infringing Listing discussed above constitutes their implied consent to the publication of the information and photographs used on the Infringing Listing.

62.    The infringing Works used on the Infringing List are substantially similar and/or identical to AAP's original Works.

63.    In violating 17 U.S.C. § 106 et seq., Defendants' LAER, BATTRO, and BENGOLEA, or their third-party designees, infringed on AAP's copyright in the Works in accordance with 17 U.S.C. § 501.

64.    Each of Defendants had the joint right and ability to make changes to the Infringing Listing, and therefore to exercise control over the actions of the listing office or the co-listing agents and any other third party with access to make edits to the Infringing Listing for the benefit of each

Defendant.

65.     Each time the Infringing Listing was displayed to potential buyers' agents, buyers, or others through the various websites featuring the Infringing Listing, or via hard copy, the Works at issue were impermissibly published, reproduced, distributed, and publicly displayed vicariously by Defendants' LAER, BATTRO, and BENGOLEA, as designated listing office or agent on the listings, causing significant injury to AAP.

66.     DEFENDANTS   have vicariously caused, enabled, facilitated, and/or materially contributed to the infringement, as each visit to a website hosting the Infringing Listing on the internet, or through hard copy distribution, constitutes a new act of infringement.

67.     DEFENDANTS intended to benefit from the reproduction, distribution, and public display, of all the photographs that appeared on their Infringing Listing.

68.     Defendants as  MLS subscribers, maintain the ability to jointly control the selection of information and photographs used in their MLS listings, and could stop unlicensed photographs from being selected and uploaded, or make changes to the listing photographs at any time.

69.     Defendants LAER, BATTRO, and BENGOLEA each have a direct financial interest in the use, reproduction, and distribution of the Works, and declined to exercise their right to stop any infringement of that photograph in the listings.

70.     Photographs are valuable marketing tools for real estate agents that are a draw for potential buyers of Defendants' listings.

71.     The appearance of the Works allow   Defendants' LAER, BATTRO, and BENGOLEA to  more effectively promote their real estate listings for sale by capturing, holding, and/or prolonging the attention of any visitor to the subject real estate listing, and provided a direct positive impact on Defendants' listings, their brand, their public image, and their reputation, while

AAP suffers loss of licensing revenue and loss of its ability to control the quality, composition, and distribution of its original works. Therefore, Defendants' LAER, BATTRO, and BENGOLEA each profited or will profit from the appearance of the Works on the Infringing Listing and upon information and belief each profited or will profit monetarily as well, via commission through rental of the property.

72.    AAP has the exclusive rights to, among other things, reproduce, distribute, publicly display, and authorize such reproduction, distribution, and display, of the Works.

73.    Defendants', LAER, BATTRO, and BENGOLEA, vicarious infringement of AAP's work is in reckless disregard of, with indifference to, or with willful blindness to, the rights of AAP.

74.    The infringements have caused and continue to cause AAP to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law.

75.    As a direct and proximate result of Defendants' acts of vicarious copyright infringement, AAP is entitled an award of actual damages, or statutory damages, in amounts to be determined at trial, which will compensate AAP for the injury caused by Defendants' LAER, BATTRO, and BENGOLEA, vicarious infringement.,

76.    AAP is also entitled to recover its attorneys' fees and full costs pursuant to 17 U.S.C. §505.

77.    In addition, AAP is entitled to permanent injunctive relief.

**WHEREFORE,** Plaintiff prays that:

a. Defendants' LAER, BATTRO, and BENGOLEA their agents, servants, employees, franchisees, licensees, attorneys and all others in active concert or participation with Defendants be permanently enjoined and restrained after this action from:

i. Using, distributing, or otherwise exploiting AAP's copyrights and copyrighted works without prior express written consent through a photograph

license or some other writing;

ii. Using, disclosing, converting, appropriating, retaining, selling, transferring, or copying any property of AAP without prior express written consent through a photograph license or some other writing; and

iii. Doing any other act or thing likely to, or calculated to, induce the belief that Defendants, LAER, BATTRO or BENGOLEA created the Selected 2014 Photographs or that Defendants' use is in any way endorsed by AAP.

b. Within ten (10) days after the entry of an order for permanent injunction, Defendants, be required to turn over any Selected 2014 Photographs, in any form whether physical or digital copies;

c. Defendants, each of their agents, servants, employees, franchisees, licensees, attorneys and all others in active concert or participation with Defendants, be required to deliver up for destruction all physical products in their possession bearing AAP's copyrights or any colorable imitation thereof for which Defendants have no prior license;

d. AAP recover Defendants' profits as well as the damages sustained by AAP due to Defendants', infringement of AAP's copyright, such amount of profits and damages to be trebled;

e. Defendants be required in accordance with 15 U.S.C § 1116 to file with the Court and serve upon AAP a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the terms of the permanent injunction;

f. This Court award AAP such damages, including compensatory and punitive damages, as are appropriate in view of Defendants' ongoing conduct, including its

willfulness;

g. Defendants,  be required to pay AAP the costs of this action, together with reasonable attorney's fees and disbursements;

h. Award, at AAP's election, actual damages and Defendants' profits, or statutory damages for each violation; and

i. AAP will receive such other and further relief as this Court deems just, fair, and equitable.

## COUNT III – COPYRIGHT INFRINGEMENT ADDITIONAL SELECTED 2014 PHOTOGRAPHS
### (U.S. Copyright Reg. No. VA 2-081-917)

78.     AAP adopts and incorporates the allegations of paragraphs 1-39 as if fully set forth herein.

79.     AAP owns a valid copyright registration for the Additional Selected 2014 Photographs, one of which has been impermissibly copied, displayed, and distributed by Defendants.

80.     Upon information and belief, Defendants BATTRO and BENGOLEA are licensed real estate agents working in conjunction with Defendant LAER.

81.     AAP has the exclusive right to, among other things, reproduce, distribute, publicly display, and authorize such reproduction, distribution, and display the Works.

82.     Defendants  have copied, distributed, and/or displayed the Works, for their own commercial use, in violation of 17 U.S.C. § 106 et seq., as follows:

a.      Defendants' unauthorized use of the Works on the Infringing Listing promotes the rental of 11790 St. Andrews Place, Unit 205 Wellington, Florida, 33414:

b.      Defendants' unauthorized use of the Works on the Infringing Listing

promotes the rental of 11790 St. Andrews Place, Unit 205 Wellington, Florida, 33414:

> i.  Upon information and belief, the Defendants have or will profit from their infringing use of the Works as the property is listed for $2,200.00, per month.
>
> ii. On the Infringing Listing, the CMI on each of the Works is visible in the bottom left corner of each of the Works which demonstrates Defendants willful infringement of the Works.

83.   In violating 17 U.S.C. § 106 et seq., Defendants are infringing on AAP's copyright in accordance with 17 U.S.C. § 501.

84.   Each infringement of AAP's work by Defendants constitutes a separate and distinct act of infringement.

85.   The CMI on each original photo within the Works clearly demonstrates AAP as the copyright owner and as such Defendants were well aware that AAP owned the copyrights in each of the Works.

86.   Defendants' use of the Works was willful, in reckless disregard of, and with indifference to the rights of AAP.

87.   The infringement has caused AAP to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law.

88.   As a direct and proximate result of Defendants' acts of copyright infringement, AAP is entitled to actual and/or statutory damages in amounts to be determined at trial.

89.   AAP is also entitled to recover its attorneys' fees and full costs pursuant to 17 U.S.C. §505.

90.   In addition, AAP is entitled to permanent injunctive relief.

**WHEREFORE,** Plaintiff prays that:

a. Defendants, LAER, BATTRO and BENGOLEA, their agents, servants, employees, franchisees, licensees, attorneys and all others in active concert or participation with Defendants be permanently enjoined and restrained after this action from:

i. Using, distributing, or otherwise exploiting AAP's copyrights and copyrighted works without prior express written consent through a photograph license or some other writing;

ii. Using, disclosing, converting, appropriating, retaining, selling, transferring, or copying any property of AAP without prior express written consent through a photograph license or some other writing; and

iii. Doing any other act or thing likely to, or calculated to, induce the belief that Defendants, Defendants, LAER, BATTRO and/or BENGOLEA, created the Works or that Defendants' use of the Works is in any way endorsed by AAP.

b. Within ten (10) days after the entry of an order for permanent injunction, Defendants, be required to turn over any copies of the Works, in any form whether physical or digital;

c. Defendants, each of their agents, servants, employees, franchisees, licensees, attorneys and all others in active concert or participation with Defendants, be required to deliver up for destruction all physical products in their possession bearing any of AAP's copyrights, including but not limited to the Works, or any colorable imitation thereof for which Defendants have no prior license;

d. AAP recover Defendants' profits as well as the damages sustained by AAP due to Defendants', infringement of AAP's copyright, such amount of profits and damages to

be trebled;

e.  Defendants  be required in accordance with 15 U.S.C § 1116 to file with the Court and serve upon AAP a report  in  writing  under  oath  setting  forth  in  detail  the manner  and  form  in  which Defendants have complied with the terms of the permanent injunction;

f. This Court award AAP such damages, including compensatory and punitive damages, as are appropriate in view of Defendants' ongoing conduct, including its willfulness;

g. Defendants,  be required to pay AAP the costs of this action, together with reasonable attorney's fees and disbursements;

h. Award, at AAP's election, actual damages and Defendants' profits, or statutory damages for each violation; and

i. AAP will receive such other and further relief as this Court deems just, fair, and equitable.

## <u>COUNT IV – VICARIOUS COPYRIGHT INFRINGEMENT SELECTED 2014 PHOTOGRAPHS</u>
(U.S. Copyright Reg. No. VA 2-081-917)

91.     AAP adopts and incorporates the allegations of paragraphs 1-39 and 77-89, as if fully set forth herein.

92.     AAP  owns  a  valid  copyright  registration  for  the  Additional  Selected  2014 Photographs, one of which has been impermissibly reproduced, distributed, and publicly displayed, on the Infringing Listing.

93.     Regarding the Infringing Listing,  Defendant LAER is expressly designated as the listing office and is in active concert and participation regarding the listing for the property located

at 11790 St. Andrews Place, Unit 205, Wellington, FL 33414 and has benefitted or will benefit from decisions made related to the information and photographs contained in the Infringing Listing and from potential profits relating to the rental of the property.

94.     Additionally, on the Infringing Listing,  Defendants BATTRO and BEGOLEA are named as the listing agents and are in active concert and participation regarding the listing for the property located at 11790 St. Andrews Place, Unit 205, Wellington, FL 33414 and has benefitted or will benefit from decisions made related to the information and photographs contained in the Infringing Listing and from potential profits relating to the rental of the property.

95.     Any action performed by Defendants or any third party with access to edit or maintain the Infringing Listing, to take the physical actions necessary to initially upload any of the Works for commercial use on the Infringing Listing without license or permission from AAP, was in violation of 17 U.S.C. § 106 et seq.

96.     As a real estate corporation, Defendant LAER is chargeable with the actions taken regarding the Infringing Listing and its real estate brokers and sales associates list, and Defendant LAER maintains the right and ability to supervise the activity, including infringing activity, that takes place on its listings.

97.     As real estate agents Defendants, BATTRO and BENGOLEA are chargeable with the actions taken regarding the Infringing Listing for which they are the listing or co-listing agent and each maintains the right and ability to supervise the activity, including infringing activity, that takes place on their listings.

98.     Defendants' agreement to be listed on the Infringing Listing discussed above constitutes their implied consent to the publication of the information and photographs used on the Infringing Listing.

99.    The infringing Works used on the Infringing Listing are substantially similar and/or identical to AAP's original Works.

100.    In violating 17 U.S.C. § 106 et seq., Defendants or their third-party designees, infringed on AAP's copyright in the Works in accordance with 17 U.S.C. § 501.

101.    Each of Defendants had the joint right and ability to make changes to the Infringing Listing, and therefore to exercise control over the actions of the listing office or the co-listing agents and any other third party with access to make edits to the Infringing Listing for the benefit of each Defendant.

102.    Each time the Infringing Listing was displayed to potential buyers' agents, buyers, or others through the various websites featuring the Infringing Listing, or via hard copy, the Works at issue were impermissibly published, reproduced, distributed, and publicly displayed vicariously by Defendants as designated listing office or agent on the listings, causing significant injury to AAP.

103.    Defendants  have vicariously caused, enabled, facilitated, and/or materially contributed to the infringement, as each visit to a website hosting the Infringing Listing on the internet, or through hard copy distribution, constitutes a new act of infringement.

104.    Defendants intended to benefit from the reproduction, distribution, and public display, of all the photographs that appeared on their Infringing Listing.

105.    Defendants maintain the ability to jointly control the selection of information and photographs used in their listings, and could stop unlicensed photographs from being selected and uploaded, or make changes to the listing photographs at any time.

106.    Defendants each have a direct financial interest in the use, reproduction, and distribution of the Works, and declined to exercise their right to stop any infringement of that photograph in the listings.

107.    Photographs are valuable marketing tools for real estate agents that are a draw for potential buyers of Defendants' listings.

108.    The appearance of the Works allow the Defendants to  more effectively promote their real estate listings for sale by capturing, holding, and/or prolonging the attention of any visitor to the subject real estate listing, and provided a direct positive impact on Defendants' listings, their brand, their public image, and their reputation, while AAP suffers loss of licensing revenue and loss of its ability to control the quality, composition, and distribution of its original works. Therefore, Defendants each  profited or will profit  from  the appearance of the Works on the Infringing Listing and upon information and belief each profited or will profit monetarily as well, via commission through rental of the property.

109.    AAP has the exclusive rights to, among other things, reproduce, distribute, publicly display, and authorize such reproduction, distribution, and display, of the Works.

110.    Defendants' vicarious infringement of AAP's work is in reckless disregard of, with indifference to, or with willful blindness to, the rights of AAP.

111.    The infringements have caused and continue to cause AAP to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law.

112.    As a direct and proximate result of Defendants' acts of vicarious copyright infringement, AAP is entitled an award of actual damages, or statutory damages, in amounts to be determined at trial, which will compensate AAP  for  the  injury  caused  by  Defendants' vicarious infringement.,

113.    AAP is also entitled to recover its attorneys' fees and full costs pursuant to 17 U.S.C. §505.

114.    In addition, AAP is entitled to permanent injunctive relief.

**WHEREFORE,** Plaintiff prays that:

a. Defendants, LAER, BATTRO and BENGOLEA, their agents, servants, employees, franchisees, licensees, attorneys and all others in active concert or participation with Defendants be permanently enjoined and restrained after this action from:

i.  Using, distributing, or otherwise exploiting AAP's copyrights and copyrighted works without prior express written consent through a photograph license or some other writing;

ii.  Using, disclosing, converting, appropriating, retaining, selling, transferring, or copying any property of AAP without prior express written consent through a photograph license or some other writing; and

iii. Doing any other act or thing likely to, or calculated to, induce the belief that Defendants, LAER, BATTRO and/or BENGOLEA created the Works or that Defendants' use is in any way endorsed by AAP.

b.  Within ten (10) days after the entry of an order for permanent injunction, Defendants, be required to turn over any of the Works, in any form whether physical or digital copies;

c.  Defendants, each of their agents, servants, employees, franchisees, licensees, attorneys and all others in active concert or participation with Defendants, be required to deliver up for destruction all physical products in their possession bearing AAP's copyrights or any colorable imitation thereof for which Defendants have no prior license;

d.  AAP recover Defendants' profits as well as the damages sustained by AAP due to Defendants', infringement of AAP's copyright, such amount of profits and damages to be trebled;

e.  Defendants  be required in accordance with 15 U.S.C § 1116 to file with the Court and serve upon AAP a report  in  writing  under  oath  setting  forth  in  detail  the manner  and  form  in  which Defendants have complied with the terms of the permanent injunction;

f. This  Court  award  AAP  such  damages,  including  compensatory  and  punitive damages,  as  are  appropriate  in  view  of  Defendants'  ongoing  conduct,  including  its willfulness;

g. Defendants,  be required  to  pay  AAP  the  costs  of  this  action,  together  with reasonable attorney's fees and disbursements;

h. Award, at AAP's election, actual damages and Defendants' profits, or statutory damages for each violation; and

i. AAP will receive such other and further relief as this Court deems just, fair, and equitable.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff demands a jury for all issues so triable.

Dated: July 18, 2023                    Respectfully Submitted,

By: <u>/s/KELLY ANN M. DESROSIERS</u>
Kelly Ann M. desRosiers, Esq.
Florida Bar No. 1017878
Kelly@Lomnitzerlaw.com
The Lomnitzer Law Firm, P.A.
7999 N Federal Hwy. Suite 202
Boca Raton, FL 33487
Telephone: (561) 953-9300
Direct: (561) 953-9301
*Attorney for Plaintiff*